UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                      :

UNITED STATES OF AMERICA

                      :

        -v.-

                      :

MAREK LESZCZYNSKI and
BENJAMIN CHOUCHANE,

                      :

         Defendants.   :

- - - - - - - - - - - - - - - - x

**ORIGINAL**

**INDICTMENT**

12 Cr.

1̱2̱ CRIM 9̱2̱3̱

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: DEC 11 2012

## COUNT ONE

**(Conspiracy to Commit Securities Fraud and Wire Fraud)**

The Grand Jury charges:

Relevant Entity and Individuals

1.    At all times relevant to this Indictment, Broker-Dealer 1 was a broker-dealer registered with the U.S. Securities and Exchange Commission ("SEC") and the Financial Industry Regulatory Authority ("FINRA").  Broker-Dealer 1 was headquartered in London, England, with offices in Europe, Asia, and New York, New York.  Among other services Broker-Dealer 1 provided to its clients, Broker-Dealer 1 bought and sold securities on behalf of institutional clients, such as commercial banks and investment firms, located throughout the United States and in major cities in Europe.  At various times relevant to this Indictment, Broker-Dealer 1's New York office employed approximately 45 individuals.

2.    From in or about 2005, up to and including in or about December 2010, MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE,

the defendants, were employed by Broker-Dealer 1 and worked in the firm's New York City office.  LESZCZYNSKI and CHOUCHANE were sales brokers for Broker-Dealer 1's Cash Equity Desk.  As sales brokers, LESZCZYNSKI and CHOUCHANE were responsible for receiving orders to buy or sell securities from Broker-Dealer 1's clients, relaying those orders to traders who executed the trades, communicating with clients as their orders were being filled, and, once the orders were completed, sending out trading confirmations that showed, among other things, the prices at which securities were bought or sold and the commissions, if any, that Broker-Dealer 1 charged.

3.     From in or about February 2005, up to and including in or about November 2010, a co-conspirator not named as a defendant herein ("CC-1") was employed by Broker-Dealer 1 and worked in the firm's New York City office.  CC-1 was a middle office manager and an execution trader for Broker-Dealer 1's Cash Equity Desk.  As a middle office manager, CC-1 was responsible for inputting trading data, including the prices at which securities were bought and sold, into a trading blotter maintained by Broker-Dealer 1.  As an execution trader, CC-1 received his order instructions from the sales brokers, including MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the defendants, and executed buy and sell orders at the direction of sales brokers, including LESZCZYNSKI and CHOUCHANE.

2

The Scheme To Defraud

4.    From in or about 2005, up to and including in or
about December 2008, MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE,
the defendants, CC-1, and others known and unknown, perpetrated a
scheme to defraud Broker-Dealer 1's clients of millions of
dollars in fees to which Broker-Dealer 1 was not entitled.

5.    MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the
defendants, CC-1, and others known and unknown, perpetrated this
scheme to defraud by, among other things, causing prices at which
securities were bought and sold on behalf of Broker-Dealer 1's
clients to be inaccurately inputted into trading blotters
maintained by Broker-Dealer 1.  Specifically, where Broker-Dealer
1 received a buy order from a client, LESZCZYNSKI and CHOUCHANE,
at times, caused the purchase price of the security to be "marked
up" from its actual purchase price, for the purpose of recording
such fictitious price on Broker-Dealer 1's trading blotter.  On
the flipside, where Broker-Dealer 1 received a sell order from a
client, LESZCZYNSKI and CHOUCHANE, at times, caused the sale
price of the security to be "marked down" from its actual sale
price, and recorded the false lower price on Broker-Dealer 1's
trading blotter.

6.    Based on the inaccurate data that had been entered
into Broker-Dealer 1's trading blotters, MAREK LESZCZYNSKI and
BENJAMIN CHOUCHANE, the defendants, CC-1, and others known and

3

unknown, caused false trading confirmations to be generated and sent to various Broker-Dealer 1 clients.

7. As a result of such misrepresentations, MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the defendants, CC-1, and others known and unknown, enabled Broker-Dealer 1 to earn undisclosed trading profits beyond the legitimate trading commissions to which Broker-Dealer 1 was entitled. These undisclosed trading profits were generated based on the difference between the false price recorded on the trading blotter and the actual execution price at which Broker-Dealer 1 purchased or sold the security on behalf of the client.

8. As a result of the scheme, MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the defendants, CC-1, and others known and unknown, gave Broker-Dealer 1's senior management the false impression that the Cash Equity Desk was more profitable than it actually was. Specifically, as a result of the scheme, Broker-Dealer 1's trading profits were falsely inflated by more than $15 million in total during the times relevant to this Indictment. At the same time, as a result of the enhanced performance of the Cash Equity Desk, LESZCZYNSKI, CHOUCHANE, CC-1, and others known and unknown, were awarded lucrative performance bonuses.

## The Conspiracy

9.   From in or about 2005, up to and including in or
about December 2008, MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE,
the defendants, CC-1, and others known and unknown, willfully and
knowingly, did combine, conspire, confederate and agree together
and with others to commit offenses against the United States, to
wit, (a) securities fraud, in violation of Title 15, United
States Code, Sections 78j(b) and 78ff; and Title 17, Code of
Federal Regulations, Section 240.10b-5; and (b) wire fraud, in
violation of Title 18, United States Code, Section 1343.

## The Objects Of The Conspiracy

### Securities Fraud

10.   It was a part and an object of the conspiracy that
MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the defendants, CC-1,
and others known and unknown, willfully and knowingly, directly
and indirectly, by the use of the means and instrumentalities of
interstate commerce, and of the mails, and of the facilities of
national securities exchanges, would and did use and employ, in
connection with the purchase and sale of securities, manipulative
and deceptive devices and contrivances in violation of Title 17,
Code of Federal Regulations, Section 240.10b-5, by: (a) employing
devices, schemes, and artifices to defraud; (b) making untrue
statements of material facts and omitting to state material facts
necessary in order to make the statements made, in the light of

the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person; all in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

### Wire Fraud

11.   It was further a part and an object of the conspiracy that MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the defendants, CC-1, and others known and unknown, willfully and knowingly, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of a wire, radio, and television communication in interstate commerce, writings, signs, signals, pictures, and sounds for purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Means And Methods Of The Conspiracy

12.   Among the means and methods by which MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the defendants, and others known and unknown would and did carry out their conspiracy were the following:

a.   LESZCZYNSKI and CHOUCHANE recorded or caused prices to be recorded into trading blotters that were different

from the actual prices at which securities were bought and sold on behalf of various clients.

    b.    LESZCZYNSKI and CHOUCHANE caused inaccurate trading confirmations to be generated from trading blotters and sent to various Broker-Dealer 1 clients.

    c.    The manufactured markups (in the case of purchases) and markdowns (in the case of sales) enabled Broker-Dealer 1's Cash Equity Desk to earn undisclosed profits on trades and appear more profitable than it was.

    d.    LESZCZYNSKI and CHOUCHANE were awarded lucrative performance bonuses.

### Overt Acts

    13.    In furtherance of the conspiracy and to effect the illegal objects thereof, MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a.    On or about February 27, 2007, CHOUCHANE sent an e-mail from New York, New York, to a client containing a false trading confirmation stating that 32,100 shares of the stock of a company (Company-1) were bought at the average price of $26.4356/share.

    b.    On or about September 16, 2008, LESZCZYNSKI sent an email from New York, New York, to a client containing a

false trading confirmation stating that 350,000 shares of the stock of a company (Company-2) were sold at the average price of $4.3629/share.

   c. On or about September 17, 2008, LESZCZYNSKI sent an email from New York, New York, to a client containing a false trading confirmation stating that 20,000 shares of the stock of a company (Company-3) were bought at the average price of $15.2240/share.

   d. On or about October 1, 2008, CHOUCHANE sent an e-mail from New York, New York, to a client containing a false trading confirmation stating that 112,900 shares of the stock of a company (Company-4) were sold at the average price of $30.8517/share.

     (Title 18, United States Code, Section 371.)

## COUNT TWO

### (Securities Fraud)

  The Grand Jury further charges:

  14. The allegations contained in paragraphs 1 through 8 and 12 through 13 are repeated, realleged and incorporated by reference as if fully set forth herein.

  15. From in or about 2005, up to and including in or about December 2008, in the Southern District of New York and elsewhere, MAREK LESZCZYNSKI and BENJAMIN CHOUCHANE, the defendants, willfully and knowingly, directly and indirectly, by

the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, LESZCZYNSKI and CHOUCHANE falsely recorded and reported to Broker-Dealer 1's clients the prices at which various securities were bought and sold in order to earn undisclosed profits on trades that they executed on behalf of various institutional investors.

> (Title 15, United States Code, Sections 78j(b) & 78ff;
> Title 17, Code of Federal Regulations, Section
> 240.10b-5, and Title 18, United States Code, Section 2.)

## COUNT THREE

### (Conspiracy to Commit Securities Fraud and Wire Fraud)

The Grand Jury further charges:

### Relevant Entity and Individuals

16.   At all times relevant to this Indictment, Broker-Dealer 2 was a broker-dealer registered with the SEC and FINRA. Broker-Dealer 2 was headquartered in New York, New York, with offices in, among other places, New York, New York, and Miami, Florida.   Among other services Broker-Dealer 2 provided to its clients, Broker-Dealer 2 bought and sold securities on behalf of institutional clients, such as commercial banks and investment firms, located throughout the United States and in major cities in Europe.   At various times relevant to this Indictment, Broker-Dealer 2's New York office employed approximately seven individuals.

17.   From in or about November 2010, up to and including in or about April 2012, CC-1 was employed by Broker-Dealer 2 and worked in the firm's New York City office.   CC-1 was Vice President of Execution for Broker-Dealer 2's Cash Equity Desk.   In that capacity, CC-1 was responsible for executing buy and sell orders and sending trading confirmations to Broker-Dealer 2's clients.

18.   From in or about December 2010, up to and including in or about September 2012, MAREK LESZCZYNSKI, the

defendant, was Broker-Dealer 2's Managing Director of Equity
Trading.  In that capacity, LESZCZYNSKI directly supervised CC-1.
LESZCZYNSKI's job functions included receiving buy and sell
orders from Broker-Dealer 2's clients and sending trading
confirmations to clients once orders were completed.

### The Scheme To Defraud

19.  From in or about December 2010, up to and
including in or about April 2012, MAREK LESZCZYNSKI, the
defendant, CC-1, and others known and unknown, perpetrated a
scheme to defraud Broker-Dealer 2's clients of thousands of
dollars in fees to which Broker-Dealer 2 was not entitled.

20.  MAREK LESZCZYNSKI, the defendant, CC-1, and others
known and unknown, perpetrated this scheme to defraud by, among
other things, causing commissions to be recorded into trading
blotters that were in excess of the agreed-upon commissions with
Broker-Dealer 2's clients.

21.  Based on the inaccurate data that had been entered
into Broker-Dealer 2's trading blotters, MAREK LESZCZYNSKI, the
defendant, CC-1, and others known and unknown, caused false
trading confirmations to be generated and sent to various Broker-
Dealer 2 clients.

22.  As a result of such misrepresentations, MAREK
LESZCZYNSKI, the defendant, CC-1, and others known and unknown,
enabled Broker-Dealer 2 to earn additional undisclosed trading

11

profits beyond the legitimate trading commissions to which Broker-Dealer 2 was entitled.  These undisclosed trading profits were generated based on the excess undisclosed commissions that Broker-Dealer 2 charged its clients.

23.   As a result of the scheme, MAREK LESZCZYNSKI, the defendant, CC-1, and others known and unknown, gave Broker-Dealer 2's senior management the false impression that the Cash Equity Desk was more profitable than it actually was.  Specifically, as a result of the scheme, Broker-Dealer 2's trading profits were inflated by thousands of dollars.  At the same time, as a result of the enhanced performance of the Cash Equity Desk, LESZCZYNSKI, CC-1, and others known and unknown, were awarded lucrative performance bonuses.

## The Conspiracy

24.   From in or about December 2010, up to and including in or about April 2012, MAREK LESZCZYNSKI, the defendant, CC-1, and others known and unknown, willfully and knowingly, did combine, conspire, confederate and agree together and with others to commit offenses against the United States, to wit, (a) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Section 240.10b-5; and (b) wire fraud, in violation of Title 18, United States Code, Section 1343.

## The Objects Of The Conspiracy

### Securities Fraud

25.   It was a part and an object of the conspiracy that MAREK LESZCZYNSKI, the defendant, CC-1, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person; all in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

### Wire Fraud

26.   It was further a part and an object of the conspiracy that MAREK LESZCZYNSKI, the defendant, CC-1, and others known and unknown, willfully and knowingly, having devised and intended to devise a scheme and artifice to defraud, and for

13

obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of a wire, radio, and television communication in interstate commerce, writings, signs, signals, pictures, and sounds for purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Means And Methods Of The Conspiracy

27.   Among the means and methods by which MAREK LESZCZYNSKI, the defendant, CC-1, and their co-conspirators would and did carry out their conspiracy were the following:

a.   LESZCZYNSKI, CC-1, and their co-conspirators caused commissions to be recorded into trading blotters that were in excess of the agreed-upon commissions with Broker-Dealer 2's clients.

b.   LESZCZYNSKI, CC-1, and their co-conspirators caused inaccurate trading confirmations to be generated from trading blotters and sent to various clients.

c.   The manufactured markups (in the case of purchases) and markdowns (in the case of sales) enabled Broker-Dealer 2's Cash Equity Desk to earn additional undisclosed commissions on trades and appear more profitable than it was.

d.   LESZCZYNSKI, CC-1, and their co-conspirators were awarded lucrative performance bonuses.

## Overt Acts

28.   In furtherance of the conspiracy and to effect the illegal objects thereof, MAREK LESZCZYNSKI, the defendant, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about June 7, 2011, LESZCZYNSKI sent a false trading confirmation to a Broker-Dealer 2 client stating that 250,000 shares of the stock of a company (Company-5) were bought at the average price, including commissions, of $6.103/share.

b.   On or about June 16, 2011, CC-1 sent a false trading confirmation to a Broker-Dealer 2 client stating that 100,000 shares of the stock of a company (Company-6) were bought at the average price, including commissions, of $11.3355/share.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

29.   As the result of committing the securities and wire fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Sections 1343 and 2, as alleged in Counts One through Three of this Indictment, MAREK LESZCZYNSKI, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, all property, real and personal, that constitutes

or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Three of this Indictment.

30.   As the result of committing the securities and wire fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Sections 1343 and 2, as alleged in Counts One and Two of this Indictment, BENJAMIN CHOUCHANE, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of this Indictment.

## Substitute Asset Provision

31.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

16

it is the intent of the United States, pursuant to 21 U.S.C.

§853(p), to seek forfeiture of any other property of the

defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1343, Title 28,
United States Code, Section 2461, Title 15, United States Code,
Sections 78j(b) and 78ff, and Title 17, Code of
Federal Regulations, Section 240.10b-5).


Foreperson

12 - 11 - 12

PREET BHARARA
United States Attorney

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MAREK LESZCZYNSKI and
BENJAMIN CHOUCHANE,

Defendants.

INDICTMENT

12 Cr. _____

(Title 15, United States Code,
Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations,
Section 240.10b-5;
Title 18, United States Code,
Sections 371 and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson

_____
12-11-12

12/11/12
ec

Filed Indictment.
Case assigned to Judge Keenan.

Judge Gorenstein
US MJ